UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KERI ANN FLACCOMIO | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : No. |
| | : |
| THE RED CHALET LAKE HARMONY c/o GAYLE TURTZO, GAYLE TURTZO, BRIAN TURTZO and AIR BNB | : |
| | : |
| Defendants. | : |

**<u>DEFENDANTS GAYLE TURTZO, THE RED CHALET LAKE HARMONY c/o GAYLE TURTZO AND BRIAN TURTZO'S NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Gayle Turtzo, The Red Chalet Lake Harmony c/o Gayle Turtzo, and Brian Turtzo (hereinafter the "Turtzo Defendants") hereby give notice of removal of this action, captioned Keri Ann Flaccomio v. Gayle Turtzo, et al. Case No. 23-cv-1838 from the Carbon County Court of Common Pleas to the United States District Court for the Middle District of Pennsylvania. Pursuant to 28 U.S.C. § 1446(a), the Turtzo Defendants provide the following statement of the grounds for removal:

29969854.1:11932-0279

## BACKGROUND

1. On September 20, 2023, Plaintiff Keri Ann Flaccomio filed her Complaint, attached hereto as Exhibit "A."

2. Upon information and belief, the Turtzo Defendants have not yet been served with the Complaint by Plaintiff.

3. The Turtzo Defendants do not waive service of process by filing the instant Notice of Removal.

4. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it has been filed before or within 30 days of Plaintiff's service of the summons and Complaint on the Turtzo Defendants.

## VENUE AND JURISDICTION

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a), and 1446(a) because the Carbon County Court of Common Pleas, where the Complaint was filed, is a state court within the Middle District of Pennsylvania.

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

# I. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND DEFENDANTS

7. There is complete diversity of citizenship here because Plaintiff is a citizen of New Jersey, the Turtzo Defendants are citizens of Pennsylvania, and Defendant Airbnb is a citizen of Delaware and California. The diversity requirement is satisfied where, as here, an action "is between… citizens of different States." 28 U.S.C. § 1332(a)(1).

8. Upon information and belief, Plaintiff Keri Ann Flaccomio is domiciled in New Jersey and is therefore a citizen of New Jersey. *See* Exhibit "A" at ¶1.

9. The Turtzo Defendants are domiciled in Pennsylvania and therefore citizens of Pennsylvania. *Id.* at ¶2-4.

10. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

11. Upon information and belief, Airbnb, Inc. is a Delaware Corporation with its principal place of business in California. Therefore, Airbnb is a citizen of Delaware and California.

## II. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

12. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."

*Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "Unless it appears to a legal certainty that the claim set forth in the complaint is for less than the jurisdictional amount, the amount in controversy requirement is deemed satisfied." *Bryfogle v. Carvel Corp.*, 666 F. Supp. 730, 732 (E.D. Pa. 1987) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 87.

13. Here, Plaintiff alleges that she suffered a fractured right humerus and her treatment has included three surgeries since the time of the fall. *See* Exhibit "A" at ¶¶95-96.  Plaintiff also alleges that her damages exceed the threshold below which arbitration is mandatory. *See* Exhibit "A" generally.

14. "As the plaintiff[s] allege[] to have suffered serious injuries and seek[] related damages, . . . it is not legally certain the amount in controversy is less than $75,000. Thus, the amount in controversy requirement is satisfied." *Pickett v. Target Corp.,* 2021 WL 5163220, at *2 (M.D. Pa. Nov. 5, 2021) (citation omitted).

15. Pursuant to 28 U.S.C. § 1446(d), the Turtzo Defendants will give written notice of the filing of this Notice of Removal to all adverse parties of record in this matter, and will file a copy of this Notice with the clerk of the state court.

**WHEREFORE**, Defendants Gayle Turtzo, The Red Chalet Lake Harmony c/o Gayle Turtzo, and Brian Turtzo notify this Court that this Action is removed from the Court of Common Pleas of Carbon County, Pennsylvania to the United States District Court for the Middle District of Pennsylvania pursuant to the provisions of 28 U.S.C. §§1332, and 1446.

                                            **WOOD SMITH HENNING & BERMAN, LLP**

By: _____
       Kamela Devole, Esquire
       Sarah Connor, Esquire

       *Attorneys for Defendants,*
       *The Red Chalet Lake Harmony c/o Gayle*
       *Turtzo, Gayle Turtzo and Brian Turtzo*